[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12207
Non-Argument Calendar
_____

Agency No. A206-760-469


MARIA ELENA MENJIVAR-SIBRIAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 22, 2018)


Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:

Maria Menjivar-Sibrian ("Petitioner"), a native and citizen of El Salvador, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ").  The IJ's decision denied asylum and withholding of removal.[1]  No reversible error has been shown; we deny the petition.

We review only the decision of the BIA, except to the extent that the BIA adopts expressly the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Because the BIA agreed expressly with the IJ's reasoning in this case, we review both the IJ's and the BIA's decisions.  See id.

We review de novo the BIA's legal conclusions, including whether a proposed group qualifies as a "particular social group" under the Immigration and Nationality Act ("INA").  Gonzalez v. United States Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).  Although our review is de novo, we defer to the BIA's interpretation of applicable statutes if the BIA's interpretation is reasonable.  Al Najjar, 257 F.3d at 1284.

---

[1] The IJ also denied relief under the Convention Against Torture.  We will not address this claim, however, because Petitioner failed to challenge this denial in her appeal to the BIA and has failed to raise the issue on appeal.  See Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006); Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision." Id. at 1027.  To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if she is a "refugee," that is, a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a particular social group.  8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1).  The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence.  Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Petitioner sought asylum and withholding of removal based on her membership in a particular social group consisting of "women abused by her partner she cannot control."  Petitioner married in 2003.  Beginning in February 2012, Petitioner's husband began abusing her, raping her, and threatening to kill

3

her if she left him. Petitioner obtained a divorce in January 2014. Petitioner's husband then moved out of the family home where Petitioner continued to reside with the couple's two daughters. Following the divorce, Petitioner's ex-husband continued to abuse Petitioner, viewing her as "his property." Petitioner left and entered the United States in June 2014.

The IJ denied relief, concluding that Petitioner had failed to demonstrate that she was a member of a "particular social group" within the meaning of the INA. The IJ also determined that Petitioner failed to show that the foreign government was unwilling or unable to protect her. The BIA affirmed. The BIA agreed with the IJ's determination that the proposed particular social group of "women abused by her partner that she cannot control" lacked sufficient defined boundaries or characteristics to qualify for protection. The BIA also agreed with the IJ's finding that Petitioner had failed to show that the Salvadoran government was unable or unwilling to control her ex-husband.

For purposes of the INA, a "particular social group" means a group of people who "share a common, immutable characteristic." Gonzalez, 820 F.3d at 404. The group "must also be defined with particularity and socially distinct within the society in question." Id. (quotations omitted). In other words, the group must "be discrete and have definable boundaries" and may not be "amorphous, overbroad, diffuse, or subjective." Id. A particular social group may not be

4

defined exclusively by evidence that the group's proposed members have been persecuted or face the risk of persecution. Castillo-Arias v. United States Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006); Matter of S-E-G-, 24 I. & N. Dec. 579, 584 (BIA 2008).

Petitioner has failed to establish that she is a member of a "particular social group" under the INA.[2] We agree with the IJ and BIA's determination that the defining attribute of Petitioner's proposed group -- "women abused by her partner she cannot control" -- is that the members suffer domestic abuse. But persecution alone is not enough to establish a particular social group. See Castillo-Arias, 446 F.3d at 1198; Matter of S-E-G-, 24 I. & N. Dec. at 584.

In support of her argument, Petitioner relies on the BIA's decision in Matter of A-R-C-G-, 26 I. & N. Dec. 388 (BIA 2014). There, the BIA concluded that "married women in Guatemala who are unable to leave their relationship" constituted a cognizable particular social group under the INA. Id. at 389. The BIA explained that -- given the facts presented and the particular country conditions in Guatemala -- the terms "married," "women," and "unable to leave the relationship" combined to "create a [socially distinct] group with discrete and

---

[2] Petitioner also contends that she is a member of a particular social group as "a member of a family who suffers heinous abuse." Petitioner raised this argument for the first time in her appeal to the BIA, and the BIA refused to consider it because it had not been advanced before the IJ. Because the BIA declined to address this issue, we will not consider it on appeal. See Lopez v. United States Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007).

definable boundaries." In making the determination, the BIA considered it significant that (1) the group was not defined by the fact that the applicant was subject to domestic violence; (2) the Guatemalan police refused repeatedly to assist the applicant; and (3) there was reliable evidence that Guatemala had a culture of "machismo and family violence" and a police force that had been historically unresponsive to domestic violence victims. Id. at 393 n.14, 393-95.

Unlike the applicant in Matter of A-R-C-G-, however, Petitioner was able to get a divorce; and her ex-husband moved out of the family house. Moreover, never did Petitioner contact the police, even though she testified that she knew the police would arrest her husband if she reported him. This evidence -- together with evidence that El Salvador had instituted new measures to combat domestic violence -- undercuts Petitioner's argument that women in her position are viewed as socially distinct within Salvadoran culture. Petitioner has failed to show that her proposed particular social group is sufficiently concrete and discrete to qualify for protection under the INA.[3]

Substantial evidence supports the BIA's decision that Petitioner was unentitled to asylum; the record and the law do not compel us to reverse the

---

[3] Because we agree with the IJ's and BIA's determination that no particular social group has been established, we do not consider the alternate finding that Petitioner failed to establish that the government was unwilling or unable to protect her.

6

decision.  Petitioner's failure to establish eligibility for asylum forecloses her eligibility for withholding of removal.  See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.